**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

**PIPEFITTERS LOCAL 533 INDIVIDUAL
ACCOUNT PLAN, and TRUSTEES OF THE
PIPEFITTERS LOCAL 533 INDIVIDUAL
ACCOUNT PLAN,**

        **Plaintiffs,**

  **v.**                 **Case No. 4:09-cv-00792-SOW**

**RICHARD EVINGER, and
KELLY EVINGER,**

        **Defendants.**


**DEFENDANTS' SUGGESTIONS IN OPPOSITION TO
<u>PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT</u>**

<u>**Introduction**</u>

Plaintiffs' motion for summary judgment must be denied. Plaintiffs conducted no discovery in this lawsuit—they sent no document requests or interrogatories, and they did not depose Defendants. Instead, they rely upon **<u>the testimony of their lawyers,</u>** Robert Henry and Michelle Levine from the law firm of Blake & Uhlig, P.A., as the foundation of their summary judgment motion, and presumably their case-in-chief at trial. Plaintiffs' improper and unconscionable reliance upon their lawyers' testimony, and the improper methods their lawyers used to acquire alleged admissions from Defendants, require disqualification of the Blake & Uhlig law firm, which is the subject of Plaintiffs' contemporaneously-filed Motion to Disqualify.

For purposes of this motion and for subsequent trial, the lawyers' testimony regarding purported admissions by Defendants must be stricken because the lawyers improperly obtained the statements during settlement negotiations, which are inadmissible under Fed. R. Evid. 408(a),

1

or in contravention of Mo. R. Civ. P. 4-4.2, which prohibits a lawyer from communicating "about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter." Both lawyers aver to statements allegedly made by Defendants during a September 17, 2009 meeting among Plaintiffs' lawyers, Defendants, and Defendants' lawyer, Jeffrey Kruske, at Mr. Kruske's office. Mr. Kruske's affidavit, attached as Exhibit B hereto, states, "The purpose of this meeting was to discuss . . . **if a settlement of the claims alleged against the Evingers was possible**." Defendants' alleged statements during this confidential settlement meeting clearly are "conduct or statements made in compromise negotiations" and are inadmissible under Fed. R. Evid. 408(a).

Attorney Levine also offers evidence of statements allegedly made to her by Defendant Kelly Evinger during a September 9, 2009 telephone conversation. In her notes provided to the Kansas City Police Department, however, Levine concedes that on September 9 Kelly Evinger advised Ms. Levine, "her attorney was Jeff Kruske and to call her (sic)." KCMO Police Case Status Report, attached as Exhibit 1 to Exhibit A hereto, at p. 27. In sum, Levine offers statements allegedly obtained from Mrs. Evinger **on the same day Mrs. Evinger advised Levine that she had counsel in the matter.** These alleged admissions obtained by Plaintiffs' attorney in violation of Mo. R. Civ. P. 4-4.2 should be barred from evidence pursuant to Fed. R. Evid. 403.

Without the improper affidavits of Levine and Henry, Plaintiffs' summary judgment motion fails. Although Plaintiffs cannot establish liability, let alone damages, Defendants also note that with respect to Plaintiffs' request for restitution of $70,159.23 allegedly received by Defendants, Plaintiffs' only proffered evidence that Defendants received these funds come from hearsay statements of affiant Carolyn Papagua, who says somebody else told her that Defendants

2

received the funds. Papagua's testimony is inadmissible hearsay, it should be barred under Fed. R. Evid. 801(c) and 802, and it precludes judgment for Plaintiffs on their restitution claim.

## Response to Plaintiffs' Statement of Undisputed Facts

Pursuant to Local Rule 56.1, the following are the numbered paragraphs of Plaintiffs' Statement of Undisputed Facts which are disputed by Defendants:

12.   On or about June 30, 2009, Defendants Richard and Kelly Evinger submitted a Direct Rollover Request to Diversified Investment Advisors, the custodian of monies held under the terms of the Plan.

**Defendants' Response: Denied.** The **only** evidence that Defendants purportedly admitted to submitting a rollover request comes from the Affidavit of Plaintiffs' lawyer, Michelle Levine, attached as Exhibit G to Plaintiffs' Motion. The Levine affidavit should be stricken from evidence pursuant to Fed. R. Evid. 403 and 408 because Levine and Plaintiffs obtained the alleged oral statements of the Evingers in contravention of Missouri R. Civ. P. 4-4.2 and Fed. R. Evid. 408(a). See affidavit of John J. Miller attached as Exhibit A, and pp 7 and 27 of KCMO Police Department Case Status Report attached thereto as Exhibit 1; see affidavit of Jeffrey Kruske attached as Exhibit B, at paragraphs 6-9.

15.   On or about July 20, 2009, Defendants Richard and Kelly Evinger submitted a second Direct Rollover Request to Diversified Investment Advisors.

**Defendants' Response: Denied.** The **only** evidence that Defendants purportedly admitted to submitting a rollover request comes from the Affidavit of Plaintiffs' lawyer, Michelle Levine, attached as Exhibit G to Plaintiffs' Motion. The Levine affidavit should be stricken from evidence pursuant to Fed. R. Evid. 403 and 408 because Levine obtained the alleged oral statements of the Evingers in contravention of Missouri R. Civ. P. 4-4.2 and Fed. R.

Evid. 408(a). See affidavit of John J. Miller attached as Exhibit A, and pp 7 and 27 of KCMO Police Department Case Status Report attached thereto as Exhibit 1; see affidavit of Jeffrey Kruske attached as Exhibit B, at paragraphs 6-9.

19.  Defendant Kelly Evinger has admitted that she signed the name of Carolyn Papagua on the July 20, 2009 Direct Rollover Request submitted by Defendants.

**Defendants' Response: Denied.**    The **only** evidence that Defendant Kelly Evinger purportedly admitted to signing the name of Carolyn Papagua comes from the Affidavits of Plaintiffs' lawyers, Michelle Levine and Robert Henry, attached as Exhibits G and H to Plaintiffs' Motion.  The Levine and Henry affidavits should be stricken from evidence pursuant to Fed. R. Evid. 403 and 408 because Levine, Henry and Plaintiffs obtained Mrs. Evinger's alleged statements in contravention of Missouri R. Civ. P. 4-4.2 and Fed. R. Evid. 408(a).  See affidavit of John J. Miller attached as Exhibit A, and pp 7 and 27 of KCMO Police Department Case Status Report attached thereto as Exhibit 1; see affidavit of Jeffrey Kruske attached as Exhibit B, at paragraphs 6-9.

20.  Defendant Kelly Evinger also admitted that she created a letterhead for "Martin Mechanical Corporation," and signed the name of a fictitious employee on a letter on such letterhead.

**Defendants' Response: Denied.**    The **only** evidence that Defendant Kelly Evinger purportedly admitted to creating a letterhead and signing the name of a fictitious employee comes from the Affidavits of Plaintiffs' lawyers, Michelle Levine and Robert Henry, attached as Exhibits G and H to Plaintiffs' Motion.  The Levine and Henry affidavits should be stricken from evidence pursuant to Fed. R. Evid. 403 and 408 because Levine, Henry and Plaintiffs obtained Mrs. Evinger's alleged statements in contravention of Missouri R. Civ. P. 4-4.2 and Fed. R.

4

Evid. 408(a). See affidavit of John J. Miller attached as Exhibit A, and pp 7 and 27 of KCMO Police Department Case Status Report attached thereto as Exhibit 1; see affidavit of Jeffrey Kruske attached as Exhibit B, at paragraphs 6-9.

21. Pursuant to its own terms, the purpose of the Martin Mechanical Corporation "letter" created by Kelly Evinger and containing the signature of a fictitious employee was to "verify termination of employment and permission to release funds for Richard W. Evinger . . . ."

**Defendants' Response: Denied.** The **only** evidence that Defendant Kelly Evinger purportedly admitted to creating a letterhead and signing the name of a fictitious employee comes from the Affidavits of Plaintiffs' lawyers, Michelle Levine and Robert Henry, attached as Exhibits G and H to Plaintiffs' Motion. The Levine and Henry affidavits should be stricken from evidence pursuant to Fed. R. Evid. 403 and 408 because Levine, Henry and Plaintiffs obtained Mrs. Evinger's alleged oral statements in contravention of Missouri R. Civ. P. 4-4.2 and Fed. R. Evid. 408(a). See affidavit of John J. Miller attached as Exhibit A, and pp 7 and 27 of KCMO Police Department Case Status Report attached thereto as Exhibit 1; see affidavit of Jeffrey Kruske attached as Exhibit B, at paragraphs 6-9.

22. In response to the fraudulent documents submitted by Defendants, Diversified Investment Advisors, on July 30, 2009, released $70,159.23 to the Defendants.

**Defendants' Response: Denied.** The **only** evidence that Defendants purportedly submitted "fraudulent documents" comes from the Affidavits of Plaintiffs' lawyers, Michelle Levine and Robert Henry, attached as Exhibits G and H to Plaintiffs' Motion. The Levine and Henry affidavits should be stricken from evidence pursuant to Fed. R. Evid. 403 and 408 because Levine, Henry and Plaintiffs obtained Defendants' alleged statements in contravention of Missouri R. Civ. P. 4-4.2 and Fed. R. Evid. 408(a). See affidavit of John J. Miller attached as

Exhibit A, and pp 7 and 27 of KCMO Police Department Case Status Report attached thereto as Exhibit 1; see affidavit of Jeffrey Kruske attached as Exhibit B, at paragraphs 6-9.

The only evidence that Diversified Investment Advisors allegedly released $70,159.23 to the Defendants comes from the affidavit of Carolyn Papagua, Plaintiffs' Exhibit A, paragraph 17, stating that "Diversified informed me that the money was released to Mr. Evinger in the ordinary course of business." This testimony of Papagua regarding what she allegedly was told by Diversified is hearsay and is inadmissible evidence pursuant to Fed. R. Evid. 801(c) and 802.

### Argument

**1. Plaintiffs Cannot Establish Their ERISA Restitution Claim.**

Plaintiffs' Suggestions in Support of their Motion for Summary Judgment, at pp. 9-10, make clear that Plaintiffs rely upon the alleged facts provided in their lawyers' affidavits to establish their ERISA claim against the Evingers. As previously discussed, the Evingers' statements allegedly made to Plaintiffs' lawyers during settlement discussions must be barred from evidence pursuant to Fed. R. Evid. 408. In addition, Mrs. Evinger's statements allegedly made in a conversation with attorney Levine must be barred pursuant to Fed. R. Evid. 403, as the prejudice to Mrs. Evinger in using those improperly obtained statements far outweighs their probative value.

It is patently unfair for Mrs. Evinger to be forced to defend against statements allegedly made to the Plaintiffs' lawyer when the lawyer knew or should have known that Mrs. Evinger was represented by counsel. Under Mo. R. Civ. P. 4-4.4, a lawyer may not use methods of obtaining evidence that violate the legal rights of a person, and Mrs. Evinger's right to have her counsel present during questioning was denied to her when questioned by attorney Levine. This prejudice certainly is "unfair prejudice" (see *Advisory Committee Note to Rule 403*—"'unfair

prejudice' within its context means an undue tendency to suggest decision on an improper basis"), and Plaintiffs should not be allowed to use evidence improperly obtained by their lawyers to make a case against the Evingers.

    2.   **Plaintiffs' State Law Claims Are Preempted**.

Plaintiffs concede, as they must, that their state law claims are preempted under ERISA—to the extent any claim exists in this matter, it is an ERISA claim, not a state law claim.

    3.   **Plaintiffs Cannot Establish A Right To Restitution**.

As mentioned previously, Plaintiffs only evidence that the Defendants received funds comes from the hearsay affidavit of Carolyn Papagua, who has no first-hand knowledge that the Defendants received funds. Plaintiffs cannot rely on this hearsay to establish a right to restitution. Plaintiffs also request an award of attorneys' fees and interest at the prime rate plus two percent, but they cite no legal authority for such an award.

**Conclusion**

For the reasons stated, Plaintiffs' motion for summary judgment must be denied.

                                        Respectfully submitted,

                                        **/s/ John J. Miller**

                                        _____

                                        John J. Miller, MO Bar #32215
Swanson Midgley, LLC
Plaza West Building
4600 Madison Avenue, Suite 1100
Kansas City, MO 64112-3043
Phone: 816-842-6100
Fax:   816-842-0013
E-mail:jmiller@swansonmidgley.com

7

**<u>Certificate of Service</u>**

I hereby certify that on January 6, 2011 a copy of the foregoing was electronically served with the Clerk of the Court using the CM/ECF system, and upon Attorneys for Plaintiff:

Charles R. Schwartz
Scott L. Brown
Blake & Uhlig, P.A.
475 New Brotherhood Building
735 State Avenue
Kansas City, KS  66101


/s/ John J. Miller
_____
Attorney for Defendants