IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

PIPEFITTERS LOCAL 533 INDIVIDUAL
ACCOUNT PLAN, and TRUSTEES OF THE
PIPEFITTERS LOCAL 533 INDIVIDUAL
ACCOUNT PLAN,

      Plaintiffs,

 v.            Case No. 4:09-cv-00792-SOW

RICHARD EVINGER, and
KELLY EVINGER,

      Defendants.

## DEFENDANTS' SUGGESTIONS IN SUPPORT OF
## MOTION TO DISQUALIFY

### Introduction

  During a pre-suit, confidential settlement meeting with Defendants Richard and Kelly Evinger and their lawyer, Plaintiffs' lawyer Robert Henry of Blake & Uhlig falsely assured Defendants it was not his intent "to put anyone in jail" with respect to the Evingers' alleged premature withdrawal of Mr. Evinger's retirement money from Plaintiffs' pension fund. Instead, immediately following that confidential meeting, the Blake & Uhlig firm sought to "put someone in jail" by asking the Jackson County prosecutor to pursue fraud charges against Mrs. Evinger, based upon statements allegedly made by Mrs. Evinger to Blake & Uhlig's lawyers during settlement discussions, and while Mrs. Evinger was known to be represented by counsel. Blake & Uhlig also immediately filed this lawsuit against the Evingers. In Plaintiffs' summary judgment motion, and presumably at trial, Blake & Uhlig seeks to present Mr. Henry and another of its lawyers, Michelle Levine, as the only witnesses with direct evidence of Defendants'

1

alleged misconduct, based upon Defendants' alleged statements in confidential settlement negotiations, and while Defendants were known to be represented by counsel.  Plaintiffs conducted no discovery in this case, and they have no case without their lawyers' testimony.  As a result of Plaintiffs' reliance upon their lawyers' testimony, and the lawyers' misconduct in obtaining the alleged evidence they seek to present, the Blake & Uhlig firm must be disqualified from further representation of Plaintiffs in this action.

### Facts

On September 9, 2009, Blake & Uhlig lawyer Michelle Levine spoke by phone with Kelly Evinger.  Exhibit 1, pp. 7, 26-27.  Mrs. Evinger advised Ms. Levine that she was represented by attorney Jeffrey Kruske.  Exhibit 1, p. 27.  On September 17, 2009, Ms. Levine and another Blake & Uhlig lawyer, Robert Henry, met with the Evingers and Mr. Kruske.  Exhibit 2, paragraph 5.  The meeting was a settlement conference, and Mr. Henry assured the Evingers and Mr. Kruske that it was not his intent "to put anyone in jail" regarding the matter.  Exhibit 2, paragraphs 7-9.  Plaintiffs, represented by Blake & Uhlig, thereafter filed this lawsuit on September 28, 2009.

On October 20, 2009, Blake & Uhlig lawyers Levine and Scott Brown met with Kansas City, Missouri police officer Larry Alderman in an effort to have Mrs. Evinger prosecuted.  Exhibit 1, pp. 5-6.  Officer Alderman noted that "Mr. Brown and Ms. Levine were very adamant that the Trustees for the Account want to Prosecute."  Exhibit 1, p. 6.  In that regard, Ms. Levine presented herself to Officer Alderman as a witness against Mrs. Evinger, and Levine offered her own documentation in support of the demand for prosecution.  Exhibit 1, pp. 5-7, pp. 23-27.  On September 13, 2010, the Jackson County prosecutor filed charges against Mrs. Evinger.  *State v. Evinger*, 1016-CR04172, Circuit Court of Jackson County, Missouri.

On November 29, 2010, Plaintiffs, represented by Blake & Uhlig, filed their motion for summary judgment in this action, and they offered the affidavits of Ms. Levine and Mr. Henry in support of the motion. The lawyers' affidavits were the only proffered evidence that included any alleged statements or admissions by the Evingers of the matters at issue. The Evingers' alleged admissions in the lawyers' affidavits come either from Ms. Levine's alleged conversation on September 9, 2009, when Ms. Levine knew or should have known Mrs. Evinger to be represented by counsel, and from the September 17, 2009 confidential settlement conference with the Evingers' lawyer. Plaintiffs conducted no discovery during this action.

## Argument

On September 9, 2009, Blake & Uhlig lawyer Michelle Levine spoke with Kelly Evinger, and Mrs. Evinger advised Ms. Levine that she was represented by counsel. Nevertheless, Ms. Levine used Mrs. Evinger's alleged statements to seek criminal prosecution of Ms. Evinger, as well as to seek summary judgment in this action, and she presumably will attempt to offer these same alleged statements in evidence at trial. Mrs. Levine's conduct in obtaining and using Mrs. Evinger's alleged statements violates Mo. R. Civ. P. 4-4.2 and 4-4.4. Rule 4-4.2 provides:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

Rule 4-4.4 provides that a lawyer shall not use "methods of obtaining evidence that violate the legal rights of such a person."

Blake & Uhlig lawyers Levine and Robert Henry both have sought to offer as evidence alleged statements made by the Evingers during confidential settlement discussions with the Evingers' lawyer on September 17, 2009. They offered the alleged statements in support of summary judgment, and presumably would offer them at trial. These statements should be

3

barred from evidence pursuant to Fed. R. Evid. 408, which excludes evidence obtained during compromise negotiations.

Rather than deposing the Evingers, or using other discovery methods, Plaintiffs instead must rely at trial on the testimony of their own lawyers, which is founded upon evidence obtained in contravention of Missouri's Rules of Professional Conduct and the Federal Rules of Evidence. Mo. R. Civ. P. 4-3.7 precludes a lawyer from acting as advocate at a trial in which "the lawyer is likely to be a necessary witness." The rule has been interpreted to mean that a lawyer is a "necessary witness" if "there are things to which he will be the only one available to testify." *State ex rel. Wallace v. Munton*, 989 S.W.2d 641, 646 (Mo. App. 1999). Here, lawyers Levine and Henry apparently will be the only witnesses to offer direct evidence against the Evingers, thus, they cannot act as advocates at trial.

It is not sufficient, however, simply to bar lawyers Levine and Henry from appearing as advocates; the Blake & Uhlig firm must be disqualified from representing Plaintiffs. Lawyer Scott Brown has signed all pleadings and entered all appearances on Plaintiffs' behalf in this action, yet lawyer Brown personally sought criminal prosecution of Mrs. Evinger and was "adamant" in seeking prosecution. The Blake & Uhlig firm and its lawyers have abandoned their role as counsel in this matter and instead have acted throughout as if they are the party plaintiff.

The Court's use of disqualification as a remedy is committed to its sound discretion. *Jenkins v. State of Missouri*, 913 F.2d 470, 484 (8th Cir. 1991). Disqualification is appropriate when counsel's conduct threatens to work a continuing taint on the litigation and trial. *Gifford v. Target Corp.*, 723 F.Supp.2d 1110, 1117 (D. Minn. 2010). Any legitimate doubts must be resolved in favor of disqualification. *Coffelt v. Shell*, 577 F.2d 30, 32 (8th Cir. 1978). Continued representation of Plaintiffs by the Blake & Uhlig firm unquestionably would work a

4

"continuing taint" on the litigation and trial of this matter. Although the remedy is harsh, the lawyers' misconduct here is extreme, and this misconduct had the full knowledge and support of Plaintiffs. Plaintiffs have chosen to use their lawyers as witnesses and case participants against Defendants rather than as advocates, thus, Plaintiffs cannot claim prejudice or harm from the resulting disqualification.

## Conclusion

For the reasons stated, Plaintiffs move the Court to disqualify the law firm of Blake & Uhlig, P.A. from further representation of Plaintiffs in this action.

Respectfully submitted,

**/s/ John J. Miller**

John J. Miller, MO Bar #32215
Swanson Midgley, LLC
Plaza West Building
4600 Madison Avenue, Suite 1100
Kansas City, MO 64112-3043
Phone: 816-842-6100
Fax:    816-842-0013
E-mail:jmiller@swansonmidgley.com

## Certificate of Service

       I hereby certify that on January 6, 2011 a copy of the foregoing was electronically served with the Clerk of the Court using the CM/ECF system, and upon Attorneys for Plaintiff:

Charles R. Schwartz
Scott L. Brown
Blake & Uhlig, P.A.
475 New Brotherhood Building
735 State Avenue
Kansas City, KS  66101

                                /s/ John J. Miller
                                _____
                                Attorney for Defendants